IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01766-BNB

RONALD JENNINGS FOGLE,

    Claimant,

v.

ARCHER THOMAS ELLIOTT, JR.,

    Claimee.

ORDER OF DISMISSAL

    Claimant, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Fogle initiated this action by filing *pro se* a document titled "Claim for Three Million, Twenty-Three Thousand Dollars and/or as the Amount Determine by the Board of Trustees/Committee on Conduct" (ECF No. 1). Mr. Fogle seeks reimbursement for losses he allegedly suffered as a result of malpractice and misconduct by Archer Thomas Elliott, Jr., an attorney who represented Mr. Fogle in a civil rights action in the District of Colorado. *See Fogle v. Slack*, No. 05-cv-01211-KVH-CBS (D. Colo. July 20, 2010), *aff'd*, 419 F. App'x 860, *cert. denied*, 132 S. Ct. 231 (2011). The instant civil action was commenced and, on July 9, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Fogle to cure certain deficiencies if he wished to pursue his claims in this civil action. In particular, Magistrate Judge Boland ordered Mr. Fogle to file a Prisoner Complaint and either to pay the necessary filing fee or to file a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

On July 18, 2013, in response to the order directing him to cure deficiencies, Mr. Fogle filed a copy of the "Claim for Three Million, Twenty-Three Thousand Dollars and/or as the Amount Determine by the Board of Trustees/Committee on Conduct" (ECF No. 5) with different attachments and an "Affidavit" (ECF No. 4) in which he states that he does not believe he can file a civil action because it would be barred by the applicable statute of limitations. Instead, Mr. Fogle explains his "desire is to obtain financial reimbursement from the Federal Board of Trustees" and that he is "inquiring to have a Claim Form completed by the Federal Board of Trustees" to assist him in recovering the losses he suffered as a result of Mr. Archer's alleged misconduct in case number 05-cv-01211-KHV-CBS. (ECF No. 4 at 1.)

On August 12, 2013, Mr. Fogle filed another copy of the "Claim for Three Million, Twenty-Three Thousand Dollars and/or as the Amount Determine by the Board of Trustees/Committee on Conduct" (ECF No. 9) without attachments, a copy of the "Affidavit" (ECF No. 7), a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6), and a separate document on the court-approved Prisoner Complaint form that also is titled "Claim for Three Million, Twenty-Three Thousand Dollars, and/or as the Amount Determine by the Board of Trustees'/Committee on Conduct" (ECF No. 8). Mr. Fogle asserts jurisdiction over his claim pursuant to Rule 252.1(a) of the Colorado Rules of Civil Procedure and Rules 83.3C.1. and 83.5F.2. of the District of Colorado civil local rules. (*See* ECF No. 8 at 3.) As relief he asks "the Federal Board of Trustees'/Committee on Conduct to give me [an award of damages] by awarding me my losses and then the Honorable Board collect

from Mr. Elliott because he won't give me any of my losses he caused me." (ECF No. 8 at 8.)

The Court must construe the papers filed by Mr. Fogle liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant like Mr. Sandles.  *See id.*  For the reasons stated below, the action will be dismissed for lack of subject matter jurisdiction.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Furthermore, the issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

Mr. Fogle first asserts jurisdiction over his claim pursuant to Rule 252.1(a) of the Colorado Rules of Civil Procedure.  Rule 252 of the Colorado Rules of Civil Procedure sets for the Colorado Rules of Procedure Regarding Attorneys' Fund for Client Protection.  Rule 252.1(a), the specific rule cited by Mr. Fogle, sets forth the purpose and scope as follows:

> The purpose of the Colorado Attorney's Fund for Client Protection is to promote public confidence in the

> administration of justice and the integrity of the legal
> profession by mitigating losses caused by the dishonest
> conduct of attorneys admitted and licensed to practice law in
> the courts of this state occurring in the course of attorney-
> client or court-appointed fiduciary relationship between the
> attorney and the claimant.

Other rules establish a fund to mitigate losses suffered by eligible claimants, *see* Colo. R. Civ. P. 252.2; establish a Board of Trustees to administer the fund and process claims, *see* Colo. R. Civ. P. 252.5 - 252.7; define the claims that are eligible for reimbursement, *see* Colo. R. Civ. P. 252.10; and set forth the procedures for filing and processing claims, *see* Colo. R. Civ. P. 252.11 - 252.12. Although it is not clear whether Mr. Fogle is eligible to pursue a claim for reimbursement under Rule 252 of the Colorado Rules of Civil Procedure, that rule does not establish subject matter jurisdiction over such a claim in federal court.

The District of Colorado civil local rules cited by Mr. Fogle also do not provide for subject matter jurisdiction over Mr. Fogle's claims. Pursuant to Rule 83.3C.1. of the District of Colorado civil local rules, "[a]n attorney who applies for admission to the bar of this court . . . consents to this court's exercise of disciplinary jurisdiction over any alleged misconduct." Rule 83.5F.2. of the District of Colorado civil local rules authorizes the District of Colorado Committee on Conduct to issue a private letter of admonition in appropriate circumstances. In fact, Mr. Fogle alleges that the District of Colorado Committee on Conduct issued a formal letter of admonition to Mr. Archer in response to a complaint Mr. Fogle filed. However, neither local rule authorizes the relief Mr. Fogle seeks in this action.

For these reasons, the action will be dismissed without prejudice for lack of

subject matter jurisdiction.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6) is DENIED as moot.

DATED at Denver, Colorado, this  19th  day of    August   , 2013.

BY THE COURT:

   s/Lewis T. Babcock     
LEWIS T. BABCOCK, Senior Judge
United States District Court