IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01766-LTB

RONALD JENNINGS FOGLE,

    Claimant,

v.

ARCHER THOMAS ELLIOTT, JR.,

    Claimee.

---

ORDER DENYING PETITION FOR PANEL REHEARING

---

    Claimant, Ronald Jennings Fogle, has filed *pro se* a Petition for Panel Rehearing (ECF No. 12) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 10) and the Judgment (ECF No. 11) entered in this action on August 19, 2013.  The Court must construe the petition liberally because Mr. Fogle is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the petition will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will

consider the petition filed by Mr. Fogle as a motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

Mr. Fogle initiated this action by filing *pro se* a document titled "Claim for Three Million, Twenty-Three Thousand Dollars and/or as the Amount Determine by the Board of Trustees/Committee on Conduct" (ECF No. 1). Mr. Fogle seeks reimbursement for losses he allegedly suffered as a result of malpractice and misconduct by Archer Thomas Elliott, Jr., an attorney who represented Mr. Fogle in a civil rights action in the District of Colorado. *See Fogle v. Slack*, No. 05-cv-01211-KVH-CBS (D. Colo. July 20, 2010), *aff'd*, 419 F. App'x 860, *cert. denied*, 132 S. Ct. 231 (2011). The instant civil action was commenced and, on July 9, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Fogle to cure certain deficiencies if he wished to pursue his claims in this civil action. In particular, Magistrate Judge Boland ordered Mr. Fogle to file a Prisoner Complaint and either to pay the necessary filing fee or to file a Prisoner's Motion and

Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

On July 18, 2013, in response to the order directing him to cure deficiencies, Mr. Fogle filed a copy of the "Claim for Three Million, Twenty-Three Thousand Dollars and/or as the Amount Determine by the Board of Trustees/Committee on Conduct" (ECF No. 5) with different attachments and an "Affidavit" (ECF No. 4) in which he states that he does not believe he can file a civil action because it would be barred by the applicable statute of limitations. Instead, Mr. Fogle explains his "desire is to obtain financial reimbursement from the Federal Board of Trustees" and that he is "inquiring to have a Claim Form completed by the Federal Board of Trustees" to assist him in recovering the losses he suffered as a result of Mr. Archer's alleged misconduct in case number 05-cv-01211-KHV-CBS. (ECF No. 4 at 1.)

On August 12, 2013, Mr. Fogle filed another copy of the "Claim for Three Million, Twenty-Three Thousand Dollars and/or as the Amount Determine by the Board of Trustees/Committee on Conduct" (ECF No. 9) without attachments, a copy of the "Affidavit" (ECF No. 7), a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6), and a separate document on the court-approved Prisoner Complaint form that also is titled "Claim for Three Million, Twenty-Three Thousand Dollars, and/or as the Amount Determine by the Board of Trustees'/Committee on Conduct" (ECF No. 8). Mr. Fogle asserts jurisdiction over his claim pursuant to Rule 252.1(a) of the Colorado Rules of Civil Procedure and Rules 83.3C.1. and 83.5F.2. of the District of Colorado civil local rules. (See ECF No. 8 at 3.) As relief he asks "the Federal Board of Trustees'/Committee on Conduct to give me [an award of damages] by awarding me my losses and then the Honorable Board collect

from Mr. Elliott because he won't give me any of my losses he caused me." (ECF No. 8 at 8.) On August 19, 2013, the Court entered an order dismissing this action for lack of subject matter jurisdiction.

Mr. Fogle first argues in the Petition for Panel Rehearing that the Court has subject matter jurisdiction over this action because he indicated on the court-approved Prisoner Complaint form that he is asserting civil rights claims pursuant to 42 U.S.C. § 1983.  (*See* ECF No. 8 at 3.)  Mr. Fogle is correct that the Court has subject matter jurisdiction over claims asserted pursuant to 42 U.S.C. § 1983.  However, Mr. Fogle does not assert any claims against a state actor pursuant to § 1983 in the instant action. *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights").  Mr. Fogle's other arguments in the petition also do not persuade the Court that he is asserting any federal claims over which the Court may exercise subject matter jurisdiction.  Therefore, upon consideration of the petition and the entire file, the Court finds that the petition should be denied.  Accordingly, it is

ORDERED that the Petition for Panel Rehearing (ECF No. 12) is DENIED.

DATED at Denver, Colorado, this  29th  day of   August  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court